UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
COZEN O'CONNOR, P.C.,                 :
                                                    :    **Civil Action No. 10-CV-3250**
                      Plaintiff,           :
                                                    :
     - against -                              :
                                                  :
RICHARD S. FISCHBEIN,              :
                                                  :
                       Defendant.       :
------------------------------------------------------------- X


**DEFENDANT RICHARD S. FISCHBEIN'S MEMORANDUM OF
LAW IN SUPPORT OF MOTION TO SUPPLEMENT RECORD
<u>ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT</u>**


INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP
*Attorneys for Defendant, Richard S. Fischbein*
250 Park Avenue
New York, New York 10177
(212) 907-9600

## PRELIMINARY STATEMENT

Defendant Richard S. Fischbein ("Fischbein") respectfully submits this memorandum of law in support of his motion to supplement the record on the motion of plaintiff Cozen O'Connor, P.C. ("Cozen") for summary judgment. This motion was heard by the court on February 28, 2012.

## BACKGROUND FACTS

At issue in this case is a provision in Fischbein's employment agreement with Cozen dated, March 14, 2005 (the "Agreement"), which entitles Fischbein to a $250,000 performance bonus if he generates "Billing Attorney" and "Working Attorney" revenues in excess of $5,000,000 during the first year of his employment (the "Disputed Provision"). Fischbein was entitled to a $250,000 advance, which was to be repaid out of his performance bonus for that year. Cozen claims Fischbein did not earn the performance bonus and must now repay the advance as an installment loan.

The principle issue presented on Cozen's motion for summary judgment was whether, as Cozen claimed, Fischbein was only entitled to "credit" for revenues on those matters for which Cozen's records designated Fischbein as either the Billing Attorney or the Working Attorney or whether Fischbein was entitled to "credit" for all revenues generated from matters where he originated or introduced the client to the firm. Rather than decide this issue the Court, at the hearing, granted Cozen's motion on the ground that Fischbein had not submitted proper proof establishing that he had originated $5,000,000 in revenues during the year that he was employed by Cozen. Fischbein has made a motion for reconsideration of the court's decision based upon the fact that the court placed on Fischbein, rather than Cozen, the burden of establishing the

condition specified in the agreement that gave rise to the liability, *i.e.* whether the performance bonus was earned.

Since Fischbein believed Cozen had the burden of proof on whether the performance bonus was earned, various schedules, while produced by Cozen and supporting Fischbein's claim that he generated in excess of $5,000,000 and, therefore, earned the performance bonus, were not included in the opposition papers. In light of the court's decision, Fischbein respectfully requests leave pursuant to Rule 56 (e) (1) to submit the documents described below to supplement the record on Cozen's motion for summary judgment:

(i) Cozen Doc. CO0011-CO0013, annexed to the affidavit of Daniel L. Carroll, sworn to March 1, 2012 (the "Carroll Affidavit") as Exhibit H: This document consists of a schedule produced by Cozen in response to Fischbein's request for all revenues received from HSBC Bank during the relevant period and shows revenues of $1,870,572.26 as stated in paragraph 50 of the Fischbein Affidavit, sworn to December 16, 2011 (the "Fischbein Affidavit").

(ii) Cozen Doc. CO0981, annexed to the Carroll Affidavit as Exhibit I: This document consists of a schedule produced by Cozen on September 6, 2011 in response to Fischbein's request for all revenues received by Cozen during the relevant period from clients identified by Donald David at his deposition as being clients introduced or originated by Fischbein but for which Fischbein was not given "Billing Attorney" credit. The revenues on this schedule total $1,864,075.92 and make up in part the approximately $2,500,000 referred to in paragraph 52 of the Fischbein Affidavit.

(iii) Exhibits 1 and 2 introduced at the deposition of Donald David conducted on July 21, 2011, annexed to the Carroll Affidavit as Exhibits J and K: These exhibits represent schedules showing revenues received from clients for which Mr. David was given Billing Attorney credit during the relevant period. Since these exhibits were the basis for most of Mr. David's testimony they should have been included with his deposition transcript (which was submitted as Exhibit D) but were inadvertently omitted.

The revenues reflected on the above documents, Exhibits H and I, when added to (i) the Billing Attorney and Work Attorney revenues totaling $1,245,394.70 which Cozen credited to Fischbein (*See* Declaration of F. Warren Jacoby dated October 25, 2011, ¶¶21- 23) and (ii) revenues of $926,598.06 on matters for which other Cozen attorneys were designated as Billing Attorneys for clients Fischbein had introduced to the firm (Fischbein Aff. ¶and Ex. B), total $5,906,640, far in excess of the threshold amount of $5,000,000 necessary for Fischbein to earn his performance bonus. Accordingly, defendant Fischbein respectfully requests leave to supplement the record on Cozen's motion for summary judgment with the above referenced documents.

## ARGUMENT

Fischbein was of the view that the failure to earn the performance bonus was a condition to any liability to Cozen on the loan or advance Fischbein received on his performance bonus, and that Cozen had the burden of proof on this issue, *i.e.* Cozen had the burden of proving the condition had been met. At the hearing, the Court ruled that even giving Fischbein the benefit of the interpretation of the agreement he was urging, *i.e.* that he was entitled to all originations, not just "Billing Attorney" and "Working Attorney" revenues as urged by Cozen, Fischbein still was

required to prove that he had earned the performance bonus by showing that his "originations" totaled at least $5,000,000. (See Transcript of February 28, 2012 Hearing, pp. 17-18).

Cozen's motion papers only addressed whether the performance bonus was earned if the court accepted Cozen's interpretation of the Agreement, stating that Fischbein's Billing Attorney and Working Attorney revenues totaled only $1,245,394.70. (See Declaration of F. Warren Jacoby, dated October 25, 2012, ¶¶21-230. Cozen did not address whether the performance bonus was earned if the Court accepted Fischbein's interpretation of the contract language. Nowhere in its papers did Cozen state that Fischbein had not originated the required $5,000,000 in business.

While Fischbein's affidavit stated that he had originated well over $5,000,000 in business and detailed, based upon documents produced by Cozen, how he came to that conclusion (Fischbein Aff. ¶¶ 50-52), the court ruled that his was not proper proof on a motion for summary judgment since Fischbein had the burden of proving "payment". Although Fischbein believes the court was incorrect in placing this burden on Fischbein and had not proffered the documents in question because he did not believe that they were necessary in order to defeat Cozen's motion for summary judgment, in light of the court's ruling, Fischbein was obviously incorrect in making this assumption. Under these circumstances and where the documents involved were produced by Cozen, Fischbein respectfully requests that the Court grant leave to supplement the record.

The Court is empowered under Rule 56(e)(1) of the Federal Rules of Civil Procedure to give a party who fails to properly support an assertion of fact the opportunity to properly support or address the fact. As stated by Moore's Federal Practice in §56.99[2][a], citing Fed. R. Civ. P 56, advisory committee note of 2010, the option provided by Rule 56(e)(1) will often be the

"best option" of the four options offered by §56(e) "minimizing the chance of an unjust result based on an inadequate record".

## CONCLUSION

For the foregoing reasons, Fischbein respectfully requests that the Court grant his motion and permit him to supplement the record on Cozen's motion for summary judgment with the documents annexed to the Carroll Affidavit.

Dated: New York, New York
       March 1, 2012

                                **INGRAM YUZEK GAINEN CARROLL & BERTOLOTTI, LLP**

                                By: _____
                                       Daniel L. Carroll
                                       Cherish A. O'Donnell
                                   *Attorneys for Defendant*
                                250 Park Avenue
                                New York, New York 10177
                                (212) 907-9600
                                dcarroll@ingramllp.com
                                codonnell@ingramllp.com